UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON HERNANDEZ, #353061,

        Petitioner,         Case No. 15-cv-13188

v         Honorable Thomas L. Ludington

MICHIGAN PAROLE BOARD et al.,

        Respondents.
_____/

### OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Aaron Hernandez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Michigan Parole Board's decision to deny him release on parole. The Court dismissed the petition without prejudice because it was duplicative of another petition then-pending in the United States District Court for the Western District of Michigan. Now before the Court is Petitioner's Motion for Relief from Judgment. *See* ECF No. 6. Petitioner's motion will be denied.

Petitioner argues that the Court erred in dismissing his petition because it was not duplicative of the Western District petition. Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Under that Rule, a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied,

released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Petitioner does not specify the subsection under which he seeks relief. Given the context of the motion, the Court concludes that Petitioner seeks relief under either Fed. R. Civ. P. 60(b)(1) or (6).

Relief from judgment may be granted pursuant to Rule 60(b)(1) where the Court's judgment was the result of "mistake , inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A motion for relief under Rule 60(b)(1) is intended to provide relief to a party in two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). "Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corporation*, 910 F.2d 357, 365 (6th Cir. 1990) (quotation omitted). It is invoked only in those "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original). Rule 60(b)(6) exists to allow courts to vacate judgments whenever such action is appropriate to accomplish justice in extraordinary circumstances. *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949).

The Court is not persuaded by Petitioner's argument that the petition filed in this Court differs materially from the Western District petition with respect to either the claims raised or the parties named as defendants. Both petitions challenged the Michigan Parole Board's decision denying parole and raised substantially similar claims. In addition, while Petitioner may initially

have named different defendants in each petition, both this Court and the Western District Court amended the case caption to identify only Petitioner's custodian as the warden, in accordance with Rule 2, Rules Governing Section 2254 Cases. Petitioner's effort to re-characterize and re-frame the nature of his habeas petition in order to avoid its dismissal has no merit. None of the arguments raised in his motion establish that the Court's decision was the result of a substantive mistake of law or fact or an excusable litigation mistake; nor do Petitioner's arguments establish that equity mandates relief in this case.

Petitioner will also be denied a certificate of appealability. A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment that seeks to challenge the judgment in a habeas case. *See United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). "[J]urists of reason" would not find it debatable whether this Court is correct in its decision denying the motion for relief from judgment and the Court denies a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, it is **ORDERED** that Petitioner's motion for relief from judgment, ECF No. 6, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

                                                                                 s/Thomas L. Ludington
                                                                                 THOMAS L. LUDINGTON
                                                                                 United States District Judge

Dated: July 8, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 8, 2016.

                                       s/Michael A. Sian
                                       MICHAEL A. SIAN, Case Manager